Belknap,
No. 5966.

WOODLAND SHORES ASSOCIATION

*v.*

WILLIAM W. KELLAR *& a.*

Argued September 3, 1969.
Decided September 30, 1969.

*Fisher, Parsons, Moran & Temple* and *Shute, Engel & Frasier* (*Mr. Francis J. Frasier* orally), for the plaintiff.

*Snierson, Chandler & Copithorne* (*Mr. Bernard I. Snierson* orally), for the defendants.

DUNCAN, J. The defendants' motion to discharge the plaintiff's attachment, made to secure the performance of any decree entered in its bill in equity, was granted by the Superior Court (*Dunfey*, J.). The questions presented by the plaintiff's exceptions were reserved and transferred by the Presiding Justice in advance of further proceedings.

The plaintiff is a voluntary corporation organized in May 1967 for the purpose among other things, of establishing "regulations for its member property owners . . . with respect to traffic and the use of common areas of the Woodland Shores area of Alton, New Hampshire." "Woodland Shores," so-called, borders

Lake Winnipesaukee where some 35 residential properties along the lakefront are reached by means of a circumferential road, title to which was conveyed to the plaintiff by a business corporation organized in 1962. The latter corporation had acquired, and sold off to owners of the lakefront lots, certain lands upon the opposite side of the road from the lakefront properties. Thereafter in July 1967, it conveyed the roadway to the plaintiff.

The bill alleges that defendants, who are husband and wife, owned residential lakefront property before the organization of the business corporation in 1962, and in July 1966 acquired two of the lots being sold by the corporation. At some time the defendant husband was treasurer and a director of the business corporation.

According to other allegations of the bill, the deeds from the business corporation to the defendants contained no restrictions upon the use of the two lots conveyed, although some other deeds of similar property given by the corporation in 1966 did restrict use of the land conveyed to residential use only.

Under date of November 1, 1968, the defendants agreed to sell and convey their holdings on or before February 10, 1969 to purchasers whom the plaintiff alleges propose to construct thereon seventy-six condominium units, a large motel and restaurant, and a marina, "all of which would have to be served and maintained through traffic along the . . . Road owned by the Plaintiff." This road, the bill alleges, is "rather rudimentary in nature" and "would not stand and support any commercial use."

By its bill, the plaintiff seeks an order enjoining the defendants or their grantees from developing the property for commercial use, reformation of the defendants' deeds by use of the "doctrine of equitable estoppel," if necessary to achieve this end, and an injunction "if necessary . . . to protect the performance of any decree . . . ."

The plaintiff was by statute entitled "as of right" to a writ of attachment "to secure the performance of any decree or order that may be made in the suit." RSA 498:16. It undertook to exercise that right and no question is raised concerning the procedure followed in making the attachment. See RSA 498:17. RSA 498:20 provides that if the decree requires the performance of any other thing than the payment of money, the Court may make necessary orders to compel performance of the decree "by means of the property attached."

The defendants sought relief from the attachment under RSA 498:21, authorizing the Court to discharge or modify any lien acquired by proceedings in equity "in such manner and upon such terms as justice may require." At the hearing, they took the position that the attachment was, in effect, an evasion of the requirements of Superior Court Rule 148 providing for the filing of a bond by the moving party if an *ex parte* injunction is issued. RSA 491:App.R.148. They gave the Court to understand that they placed no reliance upon RSA 511:53 providing for the reduction or discharge of "excessive or unreasonable" attachments. They introduced evidence that the prospective purchasers had claimed a breach of the purchase and sale agreement by reason of the defendants' inability to convey on February 10, 1969, free of the plaintiff's attachment, had demanded return of their deposit, and suggested a possible damage suit.

While the plaintiff's bill contained a prayer for injunction, at the hearing upon its motion the plaintiff expressly stated that it was requesting no injunction, and also stated that it did not seek "any money in any way from the Kellars." Its counsel asserted: "What we are attempting to do is to stop this development because of the potential damage which will occur." In that connection, the plaintiff offered to prove that the uses which it alleged the purchasers from the defendants proposed to make would result in substantial damage "to the approximately 27 or 28 homeowners in this area."

The plaintiff's statutory right to make its attachment (RSA 498:16, *supra*) was subject to the authority of the Court to discharge or modify the attachment lien, as justice might require. RSA 498:21, *supra*. Since the plaintiff had waived its prayer for a temporary injunction and renounced any present claim to money damages for prospective injury, the relief which it sought was confined to a decree adjudicating the rights of the parties, or ordering reformation of the deeds by which the defendants acquired their additional lots in 1966.

It was findable that the risk of conveyance by the defendants pending determination of the suit had been terminated by the action of the purchasers following notice of the suit and by the pendency of the suit which would serve to prevent defeasance of the equities relied upon by the plaintiff. *Cole* v. *Lake Company*, 54 N. H. 242, 272. Thus it could be found that no substantial reason remained for preserving the attachment in order to compel performance of any final decree. RSA 498:20, *supra*.

The circumstances disclosed by the pleadings and the hearing warranted the implied finding and ruling of the Trial Court that justice required the order made.

*Exceptions overruled.*

All concurred.